## Appeal of FRANCIS PEROT'S SONS MALTING COMPANY.    Docket No. 751.

Commissioner's determination allowed because taxpayer has failed to adduce competent evidence tending to prove certain valuations which constitute the basis of its position in its appeal.

Submitted January 21, 1925; decided January 31, 1925.

*Esler D. Schafer, C. P. A.,* for the taxpayer.

*Laurence Graves, Esq.,* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This appeal involves income and profits taxes for the fiscal year ended August 31, 1918, in an amount less than $10,000, and arises out of the disallowance by the Commissioner of a deduction claimed by the taxpayer as a loss realized in that year in the amount of $13,755.27.

## FINDINGS OF FACT.

1. The taxpayer is a Pennsylvania corporation organized in 1687 and incorporated in 1887. Its principal office is at Philadelphia, Pa. Its business is that of supplying malt to breweries.

2. In 1890 the taxpayer loaned to the Iron City Brewing Co., of Lebanon, Pa.. $15,000 and as security therefor took a first mortgage on the brewery plant and equipment of that concern, dated June 13, 1890. In 1891 the taxpayer made a second loan to the same debtor in the amount of $5,000 which was secured by a second mortgage on the same property, dated March 12, 1891.

3. The Iron City Brewing Co. was a regular customer of the taxpayer and it was for that reason the loans just referred to were made. The taxpayer was anxious to keep a regular customer in business. The account of the debtor concern was valuable and taxpayer was more interested in continuing the profitable account of this customer than it was in collecting its loan; consequently the loans made in 1890 and 1891, above referred to, were allowed to run on without reduction in principal.

4. Due to prohibition legislation the Iron City Brewing Co. was forced out of business and was unable to discharge its liability to the taxpayer on account of the loans mentioned. Its plant was closed down and it went into bankruptcy. Prior to this bankruptcy the taxpayer had sought to make collection of its debt but without success. It attempted to enforce collection from four bondsmen who joined the debtors in the execution of the mortgage bonds but was unable to recover from these sources owing to the fact that two of the bondsmen were dead and the remaining two were insolvent. The taxpayer then foreclosed under its second mortgage and the property of the Iron City Brewing Co., consisting of lands, plant and equipment, was offered at foreclosure sale on April 16, 1918. The property was offered for sale subject to the lien of the first mortgage of $15,000. The taxpayer was the only bidder and bought the property at the foreclosure sale at a bid of $250. The property consists of 2 acres with brewery plant and machinery and is situated about one-half mile from a trolley line and about one mile from a railroad. During the period of occupancy by former owners, the machinery and buildings on this property had not been properly cared for and had been allowed to deteriorate.

5. At the time of the sale, local taxes for three years had accumulated against this property, and such taxes together with taxpayer's bid and other expenses of foreclosure were in the amount of $1,755.27. The mortgage liens of the taxpayer were (first and second mortgages) $20,000. The cost to the taxpayer of the property was, therefore, $21,755.27. In 1918, the year of the sale under foreclosure, the assessed value of the property for the purpose of local taxation (Lebanon Township) was $38,625.

6. After obtaining title at the foreclosure sale, the taxpayer listed this property with certain real estate agents for sale. No sale price was listed but these agents were instructed to secure offers and submit same to taxpayer. The taxpayer has never offered a sale price at any time. Only one offer has been received by taxpayer for this property. This offer came through a trust company (not named) and was an offer to purchase the property for $40,000 with a down

payment of $5,000, with balance of purchase price secured by mortgage on the property and payable in one, two and three years. This offer was refused, the reason being that it was feared the prospective purchasers would engage in the illicit manufacture of beer.

7. The taxpayer estimates the value of this property to have been $8,000 in 1918, at the time it was acquired by it. This estimated value deducted from the investment it represented to the taxpayer ($21,755.27) leaves a balance of $13,755.27 which taxpayer seeks to deduct as a realized loss in that year.

8. The Commissioner declined to allow the deduction as claimed by the taxpayer, determined a deficiency in tax to exist by reason thereof, and notified the taxpayer of his determination by registered letter. From such determination the taxpayer appealed to this Board. Petition was filed November 21, 1924.

### DECISION.

The determination by the Commissioner is approved.

### OPINION.

KORNER: The issue joined in this appeal is simply this: Did the taxpayer realize a loss during the fiscal year ending August 31, 1918, of $13,755.27 or of any amount due to the transaction involving the property of the Iron City Brewing Co. as set out in the findings of fact? As a necessary predicate for the consideration of this question the value of the property on April 16, 1918, must be established. Without this premise being established, it is impossible to reach a conclusion on the issue involved. The taxpayer attempted to prove this value by evidence wholly incompetent and irrelevant. It offered testimony tending to show conditions in the brewery business in the year 1923 and that brewery property was in that year, and now is, difficult of sale due to prohibition legislation. It further offered to prove local tax appraisals for the years 1919 and 1922. The only witness offered by taxpayer—the officer of the corporation who has this matter in charge—in answer to a direct question as to the value of the property in 1918, stated that he did not know and could not give an estimate based on any facts or circumstances within his knowledge. It was quite frankly admitted by taxpayer's counsel (as well as by its only witness) that the valuation of $8,000 is merely an estimate without basis other than that farm land in Lebanon Township is worth about $200 per acre if uncleared and $400 per acre if cleared; and that although the taxpayer has no knowledge of what the value of the property was at the date in question, or competent evidence to show a value, yet, since no better estimate of such value has been submitted by anyone else, this Board should adopt the valuation suggested in the petition.

The burden is upon the taxpayer to prove its contentions to a degree at least establishing a prima facie case. This the taxpayer has wholly failed to do and the Board is in a position to find no facts except those stated in the findings above. These findings do not show that there is error in the Commissioner's determination, and the same is approved. See *Appeal of Elmer E. Scott Co.*, 1 B. T. A. 445.