*564 OPINION.
Korner:
The issue joined in this appeal is simply this: Did the taxpayer realize a loss during the fiscal year ending August 31, 1918, of $13,755.27 or of any amount due to the transaction involving the property of the Iron City Brewing Co. as set out in the findings of fact? As a necessary predicate for the consideration of this question the value of the property on April 16, 1918, must be established. Without this premise being established, it is impossible to reach a conclusion on the issue involved. The taxpayer attempted to prove this value by evidence wholly incompetent and irrelevant. It offered testimony tending to show conditions in the brewery business in the year 1923 and that brewery property was in that year, and now is, difficult of sale due to prohibition legislation. It further offered to prove local tax appraisals for the years 1919 and 1922. The only witness offered by taxpayer — the officer of the corporation who has this matter in charge — in answer to a direct question as to the value of the property in 1918, stated that he did not know and could not give an estimate based on any facts or circumstances within his knowledge. It was quite frankly admitted by taxpayer’s counsel (as well as by its only witness) that the valuation of $8,000 is merely an estimate without basis other than that farm land in Lebanon Township is worth about $200 per acre if uncleared and $400 per acre if cleared; and that although the taxpayer has no knowledge of what the value of the property was at the date in question, or competent evidence to show a value, yet, since no better estimate of such value has been submitted by anyone else, this Board should adopt the valuation suggested in the petition.
The burden is upon the taxpayer to prove its contentions to a degree at least establishing a prima facie case. This the taxpayer has wholly failed to do and the Board is in a position to find no facts except those stated in the findings above. These findings do not show that there is error in the Commissioner’s determination, and the same is approved. See Appeal of Elmer E. Scott Co., 1 B. T. A. 445.